## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CHRISTOPHER HALL, *et al.*,<br><br>      Plaintiffs<br><br>    v.<br><br>SOUTH RIVER RESTORATION, INC., *et al.*,<br><br>      Defendants | Civil Action No. 1:16-2239 (CKK) |

## MEMORANDUM OPINION
(September 11, 2017)

Plaintiffs Christopher Hall, Piper Hall, and their child B.H. bring this lawsuit against Defendants South River Restoration, Inc. ("South River") and USAA Casualty Insurance Company ("USAA") for their respective roles in the ill-fated attempt to repair Plaintiffs' Washington D.C. home after it was damaged during Superstorm Sandy. Pending before the Court is USAA's [10] Motion to Dismiss. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court GRANTS-IN-PART and DENIES-IN-PART Defendant's motion. The Court finds that Plaintiffs' breach of contract and Consumer Protection Procedures Act ("CPPA") claims are plausible and should not be dismissed at this early stage in the case. However, Plaintiffs' negligence-based claims will be dismissed without prejudice because Plaintiffs have not pled that Defendant owed them any duty that is

---

[1] The Court's consideration has focused on the following documents:
- Def.'s Mem. of Law in Support of Mot. to Dismiss ("Def.'s Mem."), ECF No. 11;
- Pls.' Mem. in Opp'n to Mot. to Dismiss ("Pls.' Opp'n"), ECF No. 22; and
- Def.'s Reply Mem. in Support of Mot. to Dismiss ("Def.'s Reply"), ECF No. 26.

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

meaningfully distinct and independent from the duties Defendant owed Plaintiffs pursuant to their homeowners' insurance policy.

## I. BACKGROUND

Plaintiffs' home was seriously damaged during Superstorm Sandy. Compl., ECF No. 1, at ¶ 12. Plaintiffs allege that when they filed a claim with USAA, their home insurance provider, USAA accepted coverage but required that Plaintiffs use one of USAA's preferred contractors, South River, to do the repair work. *Id.* ¶¶ 3, 26, 297. Plaintiffs allege that instead of repairing their home, South River spent the next four years causing their home further damage through their negligent work. *Id.* ¶¶ 3-4. Plaintiffs allegedly complained about South River's work to USAA on numerous occasions, and asked USAA to allow them to use another contractor. *See, e.g.*, *id.* ¶¶ 32, 44, 55, 62, 82, 93, 147. USAA repeatedly refused. *Id.* Eventually, USAA issued Plaintiffs a check that it claimed satisfied its obligation to pay for the storm damage to Plaintiffs' home, and informed Plaintiffs that it would no longer be involved with their claim. *Id.* ¶¶ 186-88. Plaintiffs filed this lawsuit soon thereafter. Plaintiffs assert causes of action against USAA for breach of contract, violation of the CPPA, negligence, negligent infliction of emotional distress and negligent misrepresentation. *Id.* ¶¶ 292-348. Defendant USAA has moved to dismiss all of the claims against it.

## II. LEGAL STANDARD

Pursuant to Federal Rule 12(b)(6), a party may move to dismiss a complaint on the grounds that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Rather, a complaint must contain sufficient factual

allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "In evaluating a motion to dismiss, the Court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of plaintiff." *Nat'l Postal Prof'l Nurses v. U.S. Postal Serv.*, 461 F. Supp. 2d 24, 27 (D.D.C. 2006).

### III. DISCUSSION

The Court will grant Defendant's motion in part and deny it in part. The Court will not dismiss Plaintiffs' breach of contract or CPPA claims against USAA because these claims have been adequately pled, and Defendant's arguments that they are untimely are not well-taken at this early stage in the litigation. The Court does, however, agree with Defendant that Plaintiffs have not adequately pled their negligence-based claims because Plaintiffs have not identified a tort duty Defendant owed Plaintiffs that is independent of the parties' insurance contract. The Court will accordingly dismiss the negligence-based claims without prejudice.

### A. Plaintiffs' Breach of Contract Claim

Defendant argues that Plaintiffs' breach of contract claim should be dismissed for two reasons. First, Defendant argues that Plaintiffs have not pled "the specific contractual duty they are claiming has been breached." Def.'s Mem. at 5. The Court disagrees. Plaintiffs allege that under their homeowners' insurance policy, Defendant had a duty "to pay for 'sudden and accidental direct, physical loss' to the Halls' residence." Compl. ¶ 293. The complaint alleges that USAA breached this duty to pay for the damage to Plaintiffs' home when USAA conditioned payment on the use of a particular contractor who, instead of repairing Plaintiffs' home for the

3

amount of money provided by USAA, only damaged Plaintiffs' home further. *Id.* ¶¶ 3, 4, 15-19,

25-26, 292-308.[2]  Development of the record may eventually reveal that this duty was not in fact

breached, but at the pleading stage the Court is satisfied that Plaintiffs have plausibly pled their

contract claim.  Accepting all factual allegations as true and drawing all reasonable inferences for

Plaintiffs, the complaint plausibly alleges that the Defendant's actions, viewed in their entirety,

were insufficient to satisfy its obligation under the contract to pay to repair the damage to

Plaintiffs' home.

Second, Defendant argues that Plaintiffs' breach of contract claim should be dismissed

because Plaintiffs' insurance policy contained a suit limitation provision that states that "[n]o

action can be brought against us unless you have . . . [s]tarted the action within two years after

the date of the loss."  Def.'s Mem. at 6, Ex. B at 23.  Again, the Court disagrees.  Defendant is

correct that "[c]ontractual provisions limiting the period within which insurance policy-holders

may validly initiate a lawsuit are generally enforceable under District of Columbia law."

*Martinez v. Hartford Cas. Ins. Co.*, 429 F. Supp. 2d 52, 56 (D.D.C. 2006).  However, the Court is

not convinced that Plaintiffs' contract claim should be dismissed at the pleading stage on the

basis of this provision given the particular facts in this case.

As an initial matter, the parties in this case dispute the meaning of the word "loss" in the

suit limitation provision.  Defendant argues that Plaintiffs' "loss" occurred in 2012 when their

home was damaged by Superstorm Sandy.  Def.'s Mem. at 6-7.  Plaintiffs disagree, arguing that

"[i]n this situation, 'loss' as that term is used in the Policy more correctly refers to the ultimate

---

[2] Plaintiffs also allege that "USAA's conduct is . . . a breach of the duty of good faith and fair
dealing that is inherent in all District of Columbia contracts."  *Id.* ¶ 307.

expense the Halls face to rectify the damage that South River and USAA caused to their home, and the related consequential damages described in the Complaint." Pls.' Opp'n at 9.

Although the Court notes that Plaintiffs' interpretation appears to be at least a reasonable one under the circumstances, it need not resolve the parties' dispute over the meaning of "loss" at this time. Regardless of which interpretation is correct, dismissal on the pleadings on the basis of this limitation provision would be inappropriate. On the one hand, if the Court were to accept Plaintiffs' interpretation of the term "loss," Plaintiffs' complaint would clearly be timely because their "loss" did not occur until July 2016, when USAA allegedly informed Plaintiffs that it would not pay the full amount required to repair their home. Plaintiffs' lawsuit was filed only months later.

On the other hand, even if the Court were to accept Defendants' view that the term "loss" means the date of the original damage to Plaintiffs' home, the complaint still should not be dismissed at the pleading stage on the basis of the suit limitation provision because Plaintiffs may have successful waiver or estoppel arguments. "A defendant is estopped from raising [a limitations period] as a defense if that defendant has done anything that would tend to lull the plaintiff into inaction and thereby permit the [limitations period] to run against him." *Martinez*, 429 F. Supp. 2d at 57 (quoting *Partnership Placements, Inc. v. Landmark Ins. Co.*, 722 A.2d 837, 842 (D.C. 1998)). Additionally, an insurance company may waive a contractual limitations period if it "has conceded liability and some discussion of a settlement offer has occurred." *Id.* at 59 (quoting *Bailey v. Greenberg*, 516 A.2d 934, 938 (D.C. 1986)).[3]

---

[3] While it is true that some "courts have held that the discovery rule does not apply to unambiguous contractual limitations provisions that clearly identify the time from which the limitations period begins to run," *Azoroh v. Auto. Ins. Co. of Hartford, CT.*, 200 F. Supp. 3d 127, 131 (D.D.C. 2016), Defendant concedes that waiver and estoppel represent "defenses to

Plaintiffs argue that these doctrines apply here, and their arguments are supported by the

allegations in the complaint and are at least plausible. Plaintiff argues that Defendant has either

waived, or is estopped from relying on, the limitations provision because it accepted coverage of

the damage to Plaintiffs' home in 2012, and then "spent four years telling the Halls that it would

restore the Halls' home to the state it was in before it was damaged, which is what USAA

promised to do under the Policy." Pls.' Opp'n at 7. Plaintiffs also argue that a representative of

USAA made certain representations to the Plaintiffs about not enforcing a three year limitation

period on a warranty of South River's work. *Id.* at 7-8.[4] The Court will not make a final ruling

on the merits of these arguments at this time. It merely holds that the fact that Plaintiffs have

plausible waiver or estoppel arguments renders dismissal of their breach of contract claim on the

basis of the suit limitation provision improper.

Defendant argues that Plaintiffs' waiver and estoppel contentions may properly be

dismissed at the pleading stage because they are based only on alleged statements by a USAA

representative about the limitations period for a "completely different contract" than the

insurance contract at issue in this case—that is, a warranty for work performed by South River.

Def.'s Reply at 5. The Court is not convinced by this argument. First, far from being

"completely different" and "bear[ing] no relation to one another," the insurance contract and the

South River warranty seem, at least on the limited record before the Court, to be intertwined and

---

enforcement of the suit limitation clause," Def.'s Reply at 5. Defendant is correct. "It is well-
settled in the District of Columbia that '[b]oth waiver and estoppel can be invoked to preclude a
party from asserting [a limitations period] as an affirmative defense.'" *Martinez*, 429 F. Supp. 2d
at 57 (quoting *Partnership Placements*, 722 A.2d at 841 n.14).

[4] Plaintiffs have attached a declaration from Plaintiff Christopher Hall attesting to these facts.
*See* Decl. of Christopher Hall, ECF No. 22-1. The Court's sole focus at this stage of the case is
the allegations in Plaintiffs' complaint. The Court would deny Defendant's motion to dismiss
Plaintiffs' breach of contract claims even in the absence of the statements in Mr. Hall's
declaration.

related agreements. It is possible that statements about the enforcement of the limitation period of one could be relevant to waiver or estoppel arguments about the other. Regardless, Defendant is incorrect that the alleged statements regarding the South River warranty are the *only* basis on which Plaintiffs could establish a waiver or estoppel argument. Plaintiffs allege that Defendant accepted coverage and promised to pay for the damage to Plaintiffs' home after it was damaged in Superstorm Sandy. According to the complaint, USAA maintained that representation until 2016, when it informed Plaintiffs that it would not pay for certain damage, which Plaintiffs view as a breach of their agreement. These facts, which have nothing to do with the South River warranty, could plausibly support an argument that Defendant should not be entitled to rely on the two year limitations period.

For all of the above reasons, dismissal of Plaintiffs' breach of contract claim is inappropriate. Defendant's motion to dismiss that claim is denied.

## B. Plaintiffs' CPPA Claim

Next, Defendant moves the Court to dismiss Plaintiffs' CPPA claim on the grounds that USAA is not a "merchant," and because the statute of limitations for that claim has run. Def.'s Mem. at 14-18. Again, these arguments are unpersuasive at the pleading stage of this case.

First, Defendant contends that Plaintiffs' CPPA claim must be dismissed because Defendant is not a "merchant." "[T]he CPPA does not cover all consumer transactions, and instead only covers 'trade practices arising out of consumer-merchant relationships.'" *Sundberg v. TTR Realty, LLC*, 109 A.3d 1123, 1129 (D.C. 2015) (quoting *Snowder v. District of Columbia,* 949 A.2d 590, 599 (D.C. 2008)). Under the CPPA, "'merchant' means a person, whether organized or operating for profit or for a nonprofit purpose, who in the ordinary course of business does or would sell, lease (to), or transfer, either directly or indirectly, consumer goods

7

or services, or a person who in the ordinary course of business does or would supply the goods or services which are or would be the subject matter of a trade practice." D.C. Code § 28-3901(a)(3). Both parties agree that "[a] merchant need not be the 'actual seller of the goods or services' complained of, but must be 'connected with the supply side of the consumer transaction.'" *Adler v. Vision Lab Telecommunications, Inc.*, 393 F. Supp. 2d 35, 39 (D.D.C. 2005) (quoting *Save Immaculata/Dunblane, Inc. v. Immaculata Prep. Sch.,* 514 A.2d 1152, 1159 (D.C. 1986)).

On the particular facts of this case, the Court finds that Plaintiffs have plausibly alleged that Defendant was sufficiently "connected with the supply side of the consumer transaction" to allow their CPPA claim to move forward. The complaint alleges that USAA was significantly involved with South River's provision of home repair services to the Plaintiffs. Plaintiffs allege that USAA conditioned payment under Plaintiffs' insurance policy on Plaintiffs' using South River to repair their home. Compl. ¶ 297 ("USAA told the Halls that USAA would pay if the Halls hired South River to do the work"). Plaintiffs allege that when they had complaints about South River's work, they brought those complaints to USAA, who would then direct South River to take certain actions to resolve the problems. *Id.* ¶ 32 ("after the Halls complained about the squirrels to USAA, USAA forced South River to make proper adjustments to the tarp"). Plaintiffs allege that USAA made representations about South River's warranty. *Id.* ¶ 94 ("USAA told the Halls to continue with South River and that South River's warranty would cover the necessary repairs."). Plaintiffs even allege that USAA had the ability to effectuate changes in the South River personnel working on Plaintiffs' home. *Id.* ¶ 44 ("the Halls reached out to USAA and requested a new project manager. South River then assigned Wallace Brookman as the new project manager").

In sum, according to the complaint, USAA had considerably inserted itself into the "supply side" of the transaction at issue in this case. Defendant may of course view the facts about its relationship with South River differently, and discovery may prove it correct. But on a motion to dismiss, the Court accepts the factual allegations as true and draws all reasonable inferences for Plaintiffs. Doing so here, the Court cannot dismiss Plaintiffs' CPPA claim on the grounds that Defendant is not a "merchant." *See Calvetti v. Antcliff*, 346 F. Supp. 2d 92, 104-05 (D.D.C. 2004) (rejecting argument that defendant was exempt from CPPA liability because he was not a "merchant" because defendant recommended the supplier of a service and oversaw and monitored his work).

The Court also will not dismiss Plaintiffs' CPPA claim on statute of limitations grounds. "There is an inherent problem in using a motion to dismiss for purposes of raising a statute of limitations defense." *Richards v. Mileski*, 662 F.2d 65, 73 (D.C. Cir. 1981). "Although it is true that a complaint sometimes discloses such defects on its face, it is more likely that the plaintiff can raise factual setoffs to such an affirmative defense." *Id.* As the D.C. Circuit has "repeatedly held, courts should hesitate to dismiss a complaint on statute of limitations grounds based solely on the face of the complaint." *Firestone v. Firestone*, 76 F.3d 1205, 1208-09 (D.C. Cir. 1996). "[A] district court can certainly grant a motion to dismiss on statute of limitations grounds, but to do so, the factual allegations in the complaint must clearly demonstrate all elements of the statute of limitations defense *and* that the plaintiff has no viable response to the defense." *United States ex rel. Landis v. Tailwind Sports Corp.*, 51 F. Supp. 3d 9, 38 (D.D.C. 2014) (emphasis in original).

The factual allegations in the complaint in this case do not clearly demonstrate that Plaintiffs' CPPA claim is time barred. Plaintiffs allege a continuing pattern of poor work by

South River and demands from USAA that South River continue to be Plaintiffs' contractor, which eventually culminated in USAA's alleged refusal to pay for the damages to Plaintiffs' home months before Plaintiffs' lawsuit was filed in 2016. Questions about when Plaintiffs' cause of action accrued and the statute of limitations period began to run, whether any of Defendant's conduct tolled the statute of limitations, or whether Plaintiffs have potential waiver or estoppel arguments are not capable of resolution on the face of the complaint alone.

Accordingly, the Court will not dismiss Plaintiffs' CPPA claim at this time.

## C.  Plaintiffs' Negligence Claims

Finally, Defendant argues that each of Plaintiffs' negligence-based claims—Plaintiffs' negligence, negligent infliction of emotional distress, and negligent misrepresentation claims— must be dismissed because all of Defendant's obligations and duties to Plaintiffs arose from their insurance contract, and no independent tort duty supports these claims. On this final argument, the Court agrees with Defendant.

"Disputes relating to the respective obligations of the parties to an insurance contract should generally be addressed within the principles of law relating to contracts." *Choharis v. State Farm Fire & Cas. Co.*, 961 A.2d 1080, 1087 (D.C. 2008). Where tort claims are asserted in addition to a breach of contract claim, to survive dismissal "the tort must exist in its own right independent of the contract, and any duty upon which the tort is based must flow from considerations other than the contractual relationship." *Id.* at 1089. In other words, "[t]he tort must stand as a tort even if the contractual relationship did not exist." *Id.*

In this case, Plaintiffs have not pled facts that demonstrate that their negligence claims are based on a legal duty independent of the parties' insurance contract. All of Plaintiffs' negligence-based claims are, in one way or another, based on Defendant's handling of its duties

10

under the homeowners' insurance policy—*i.e.*, generally, to pay to repair the damage to Plaintiffs' home. In their negligence count, Plaintiffs allege that USAA "owed a duty to the Halls to act reasonably in coordinating and paying for the damage to the Hall residence caused by Superstorm Sandy" and that "USAA breached its duty to Plaintiffs to provide insurance that would return their home to the state it was in before it was damaged by the storm." Compl. ¶¶ 310, 316. In their negligent infliction of emotional distress count, Plaintiffs allege that "USAA failed to show the adequate standard of care in its selection and recommendation of South River to repair the Halls' home." *Id.* ¶ 322. And in their negligent misrepresentation count, Plaintiffs allege that "USAA owed a duty to the Halls to act reasonably in coordinating and paying for the damage to the Hall residence caused by Superstorm Sandy." *Id.* ¶ 329. As a practical matter, these allegations are inseparable from the breach of insurance contract claim. The negligence-based claims would not exist but for the relationship the parties had as a result of their contract and the duties thereunder. Accordingly, these claims will be dismissed without prejudice. *See Friends Christian High Sch. v. Geneva Fin. Consultants*, 39 F. Supp. 3d 58, 63-64 (D.D.C. 2014) (dismissing negligence claim based on allegation that defendant breached a duty "to handle and safeguard the escrowed funds in a professional manner" because that duty was not independent from the duties arising from the parties' escrow agreement); *Sabre Int'l Sec. v. Torres Advanced Enter. Sols., LLC*, 13 F. Supp. 3d 62, 68 (D.D.C. 2014) (dismissing tort claim because the underlying allegations were "completely intertwined with [defendant's] performance of its obligations under the Teaming Agreement"); *Nugent v. Unum Life Ins. Co. of Am.*, 752 F. Supp. 2d 46, 53–56 (D.D.C. 2010) (dismissing tort claim where "[t]he common denominator of the

allegations" underlying plaintiff's claim was "that they stem from the manner in which [defendant] processed her insurance claim.").[5]

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS-IN-PART and DENIES-IN-PART Defendant USAA's motion to dismiss. Plaintiffs' breach of contract and CPPA claims against USAA remain, but Plaintiffs' negligence-based claims are dismissed without prejudice. An appropriate Order accompanies this Memorandum Opinion.

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

---

[5] Given that the Court dismisses Plaintiffs' negligence-based claims for failure to allege a legal duty independent from the parties' contract, the Court need not reach Defendant's additional arguments for dismissing those claims, including Defendant's argument that Plaintiffs' negligent misrepresentation claim is barred by the statute of limitations, and that Plaintiffs' negligent infliction of emotional distress claim fails because Defendant did not have a "special relationship" with Plaintiffs, or place them in the "zone of danger." Def.'s Mem. at 11-14.